1  Steven M. Kroll, Bar No. 216196
   Bent Caryl & Kroll, LLP
2  6300 Wilshire Boulevard, Suite 1415
   Los Angeles, California  90048
3  Telephone:     (323) 315-0510
   Facsimile:     (323) 774-6021
4
   Attorneys for defendants
5  SMG FOOD AND BEVERAGE, LLC and SMG
   [erroneously named as SMG HOLDINGS LLC d/b/a
6  THE MOSCONE CENTER a/k/a SAVOR]

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN ORDONO, individually and on          CASE NO.: 3:23-cv-5019
    behalf of all other similarly situated,
12                                            **NOTICE OF REMOVAL OF ACTION BY**
                   Plaintiff,                 **DEFENDANTS SMG FOOD AND**
13                                            **BEVERAGE, LLC AND SMG PURSUANT**
    v.                                        **TO 28 U.S.C. SECTIONS 1332, 1441, AND**
14                                            **1446**
    SMG FOOD AND BEVERAGE LLC
15  D/B/A THE MOSCONE CENTER A/K/A
    SAVOR, and SMG HOLDINGS LLC
16  D/B/A THE MOSCONE CENTER A/K/A
    SAVOR,
17
                   Defendants.
18                                            Action filed:  June 20, 2023
                                              Trial date:  None
19

20

21

22

23

24

25

26

27

28

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendants SMG Food and Beverage, LLC and SMG [erroneously named as SMG Holdings LLC d/b/a The Moscone Center a/k/a SAVOR] (collectively, "Defendants"), by and through its undersigned counsel, hereby remove this action from the Superior Court of the State of California for the County of San Francisco ("Superior Court") to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b), and 1446, based on the following:

## A.    INTRODUCTION

1.    On June 20, 2023, plaintiff John Ordono, individually and on behalf of all other similarly situated ("Plaintiff"), filed a summons and class action complaint against defendants SMG Food and Beverage LLC, and SMG (the "Class Action Complaint"), in the Superior Court, "*John Ordono v. SMG Food and Beverage LLC, et al.*," Case No. CGC-23-607169 (the "state action"). True and correct copies of the Summons and Class Action Complaint are attached hereto as Exhibits "1" and "2," respectively.

2.    On September 1, 2023, Defendants were personally served with the Class Action Complaint on a person authorized to receive service of process in the State of California. True and correct copies of the Proofs of Service are attached hereto as Exhibits "3" and "4," respectively.

## B.    NATURE OF THE SUIT

3.    The Class Action Complaint alleges one (1) cause of action against Defendants for failure to remit gratuities in violation of California Labor Code section 351, and Business and Professions Code sections 17200, *et seq.* (Exhibit 2, Complaint, pp. 1-7.)

## C.    JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

4.    Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

5.    CAFA confers jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

6.    As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that, based on the allegations set forth in the Class Action Complaint by Plaintiff, it is a civil action filed as a class action involving more than 100 members, the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendants. Furthermore, the Defendants are not a State, State official, or other governmental entity.

**D.    DIVERSITY JURISDICTION AND CLASS ACTION FAIRNESS ACT**

**DIVERSITY**

7.    CAFA's diversity requirement is satisfied when any member of a class of plaintiff is a citizen of a state different from any defendant, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

8.    Citizenship of the parties in this matter is determined by their citizenship status at the time of the lawsuit's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

9.    Plaintiff, at the time of filing of the Class Action Complaint (and at the time of removal), was and currently is, a California resident.  (Exhibit 2, Complaint ¶ 3.)  At all relevant times herein, Plaintiff "is an adult resident of San Francisco, California, and has worked as a banquet server for more than two decades for [Defendants] at the Moscone Center in San

- 3 -

1  Francisco, California." (*Id.* (emphasis added).)

2      10.    The alleged conduct complained of in this action took place in the County of San

3  Francisco and the State of California. (Exhibit 2, Complaint ¶ 1-4.)

4      11.    Defendant SMG Food and Beverage, LLC ("SMG F&B") is and was, at all

5  relevant times when this action was filed (and at the time of removal), a limited liability company

6  under the laws of the State of Delaware with its principal place of business in West

7  Conshohocken, Pennsylvania. (Exhibit 2, Complaint, ¶ 6.)

8      12.    Defendant SMG [erroneously named as SMG Holdings LLC d/b/a The Moscone

9  Center a/k/a SAVOR] is and was, at all relevant times when this action was filed (and at the time

10 of removal), a general partnership under the laws of the Commonwealth of Pennsylvania with two

11 partners that are both limited liability companies under the laws of the State of Delaware with

12 their principal places of business in West Conshohocken, Pennsylvania.

13     13.    The presence of Doe defendants has no bearing on the diversity with respect to

14 removal. See 28 U.S.C. § 1441(a). ("For purposes of removal under this Chapter, the citizenship

15 of defendants used under a fictitious name shall be disregarded.")

16     14.    Therefore, the diversity element of CAFA removal is satisfied as Plaintiff is a

17 citizen of California and Defendants are citizens of another state.

18                        **<u>AMOUNT IN CONTROVERSY</u>**

19     15.    CAFA, 28 U.S.C. § 1332(d), authorizes the removal of class action cases in which

20 the amount in controversy for all class members exceeds $5,000,000.

21     16.    On December 15, 2014, the U.S. Supreme Court, in *Dart Cherokee Basin*

22 *Operating Company, LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547 (2014), held that where a

23 plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's

24 jurisdictional threshold of $5,000,000 "a defendant's notice of removal need include only a

25 plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

26     17.    Plaintiff brings this action on behalf of himself and similarly situated class of

27 employees, "namely all other non-managerial food and beverage banquet service employees who

28 have worked at the Moscone Center, at any time during the relevant statute of limitations."

(Exhibit 2, Complaint ¶ 4, 17.)  Plaintiff alleges that he and class members "have been deprived of gratuities that were not remitted to them." (Exhibit 2, Complaint ¶ 18.)

18.    During the alleged relevant statute of limitations, defendant SMG has employed approximately 706 non-managerial food and beverage banquet service employees at The Moscone Center in San Francisco, California.

19.    Plaintiff asserts a claim for unpaid gratuities in violation of California Labor Code section 351, and Business and Professions Code sections 17200, *et seq.* (Exhibit 2, Complaint ¶ 28-30.)  During the alleged relevant statute of limitations, defendant SMG F&B has collected approximately $20,200,196.32 in administrative charges/fees (or the alleged service fees) through catered food and beverage services at The Moscone Center.  Based on the administrative charges/fees collected, approximately $15,150,147.24  has been paid to the non-managerial food and beverage banquet service employees at The Moscone Center and approximately $5,050,049.08 has been retained.

20.    Based upon the damages sought, and the class members and class period, as defined in the Class Action Complaint, the amount in controversy, excluding interest and costs, could reasonably exceed the sum of $5,000,000.  Based on the calculations above, the amount of the alleged unpaid gratuities owed to Plaintiff and the putative class members could reasonably total the sum of approximately $5,050,049.08. (Exhibit 2, Complaint, pp. 1-7.)

## **NUMEROUSITY**

21.    CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

24.    Based upon the class members and class period, as defined in the Class Action Complaint, the putative class well exceeds 100 members at approximately 706 non-managerial food and beverage banquet service employees at The Moscone Center

## E.    THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

25.    Defendants timely filed this Notice of Removal within thirty (30) days of being served with the Complaint as required by 28 U.S.C. § 1446(b).  Under California Code of Civil

- 5 -

1    Procedure § 415.10, service of a summons and complaint is deemed complete the day on which it

2    is personally served. Defendants were personally served with the Complaint on September 1,

3    2023.  Thirty (30) days from September 1, 2023, falls on October 1, 2023.  Cal. Code Civ. Pro. §§

4    412.20(a)(3).

5         26.    Defendants have attached to this Notice, all pleadings, process, orders, and all

6    other filings in the state court action as required by 28 U.S.C. § 1446(a).

7         27.    Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and

8    Division embrace the place in which the state action was filed and has been pending.

9         28.    Defendants will promptly file a copy of this Notice of Removal with the Clerk of

10   the state court in which the action has been pending.  A true and correct copy of the draft Notice

11   to State Court of Removal of Civil Action to be filed is attached hereto as Exhibit "5."

12        WHEREFORE, in the light of the foregoing, Defendants request this Court to remove the

13   instant case from the Superior Court of the State of California, County of San Francisco, to the

14   United States District Court for the Northern District of California.

15

16   Dated: September 29, 2023                     BENT CARYL & KROLL, LLP

17

18                                         By:  _Steven M. Kroll_____
19                                              Steven M. Kroll
                                                Attorneys for Defendants
20                                              SMG FOOD AND BEVERAGE, LLC and
                                                SMG [erroneously named as SMG
21                                              HOLDINGS LLC d/b/a THE MOSCONE
                                                CENTER a/k/a SAVOR]
22

23

24

25

26

27

28

1

## INDEX OF EXHIBTS

| Exhibit No. | Description | Page(s) |
|---|---|---|
| 1 | Summons | |
| 2 | Complaint | |
| 3 | Proof of Service for SMG F&B | |
| 4 | Proof of Service for SMG | |
| 5 | Notice to State Court of Removal [draft] | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

CASE NO.

DEFENDANTS' NOTICE OF REMOVAL

EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR, and SMG HOLDINGS LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN ORDONO, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* 400 Mcallister St

San Francisco, CA 9410

| CASE NUMBER:<br>*(Número del Caso):* | **CGC-23-607169** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shannon Liss-Riordan; Lichten & Liss-Riordan, P.C.: 729 Boylston St, Ste 2000, Boston, MA 02116; Tel. 617-994-5800

DATE:
*(Fecha)* **06/26/2023**

Clerk, by
*(Secretario)* _____ **MARK UDAN** _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SMG FOOD AND BEVERAGE LLC and SMG HOLDINGS LLC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

EXHIBIT 2

1  SHANNON LISS-RIORDAN, SBN 310719
2  (sliss@llrlaw.com)
   JANE FARRELL, SBN 333779
3  (jfarrell@llrlaw.com)
   LICHTEN & LISS-RIORDAN, P.C.
4  729 Boylston Street, Suite 2000
   Boston, MA 02116
5  (617) 994-5800

6
   Attorneys for Plaintiff John Ordono,
7  individually and on behalf of all
   others similarly situated
8

9

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**06/20/2023**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11                   **FOR THE COUNTY OF SAN FRANCISCO**

12  JOHN ORDONO, individually and on behalf        Case No. _____
13  of all others similarly situated,
                                                   **CGC-23-607169**
14              Plaintiff,
                                                   **CLASS ACTION COMPLAINT**
15  v.                                             **AND JURY DEMAND**

16  SMG FOOD AND BEVERAGE LLC D/B/A
17  THE MOSCONE CENTER A/K/A SAVOR,               (1) FAILURE TO REMIT
    and SMG HOLDINGS LLC D/B/A THE                    GRATUITIES IN VIOLATION OF
18  MOSCONE CENTER A/K/A SAVOR,                        CAL. LAB. CODE § 351

19              Defendants.
20

21

22

23

24

25

26

27

28
                                   1
                  CLASS ACTION COMPLAINT AND JURY DEMAND

## I. **INTRODUCTION**

1. This is a class action brought under California law challenging the Defendants' failure to remit the total proceeds of gratuities that have been added to banquet bills to the employees who provide service of food and beverage in the convention center's banquet department. As set forth below, Defendants SMG Food and Beverage LLC d/b/a The Moscone Center a/k/a Savor, and SMG Holdings LLC d/b/a The Moscone Center a/k/a Savor ("Defendants" or "Moscone Center" or "Savor") have imposed gratuities on the sale of food and beverages at banquet events held at the convention center located at 747 Howard St, San Francisco, CA 94103, but Defendants have failed to distribute the total proceeds of these gratuities to non-managerial food and beverage banquet service employees as required by California law. This conduct violates the California Gratuities Law, California Labor Code § 351, which is enforceable through the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL").

2. Plaintiff brings this action on his own behalf and on behalf of all food and beverage service employees who have worked at the Moscone Center at any time during the relevant statute of limitations.

## II. **PARTIES**

3. Plaintiff John Ordono is an adult resident of San Francisco, California, and has worked as a banquet server for more than two decades for Savor at the Moscone Center in San Francisco, California.

4. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other non-managerial food and beverage banquet service employees who have worked at the Moscone Center, at any time during the relevant statute of limitations.

5. This class satisfies all the requirements of California Code of Civil Procedure § 382.

6. Defendant SMG Food and Beverage LLC is a Delaware corporation with its principal place of business in West Conshohocken, Pennsylvania, which owns and operates a

catering company offering services at a convention center, located at 747 Howard St, San Francisco, CA 94103, and has employed the named plaintiff and proposed class members.

7. Defendant SMG Holdings LLC. is a California corporation with its principal place of business in San Francisco, California, which operates a catering company offering services at a convention center, located at 747 Howard St, San Francisco, CA 94103, and has employed the named plaintiff and proposed class members.

## III.    **JURISDICTION**

8. This Court has jurisdiction over Plaintiff's and class members' claims for failure to remit gratuities under Labor Code § 351, enforceable pursuant to Cal. Bus. & Prof. Code § 17200, *et seq*.

## IV.    **STATEMENT OF FACTS**

9. At Savor, the catering company which operates banquet services at the Moscone Convention Center in San Francisco, Defendants have routinely added a service charge in the amount of 22% to their food and beverage banquet bills.

10. This service charge has been in the form of an automatic charge which customers are required to pay, and which reasonably appears to be a gratuity for the service staff.

11. Food and beverage servers and bussers customarily receive gratuities in the range of 18%-25% of the food and beverage bill.

12. Thus, when customers have paid these service charges, it is reasonable for them to have believed they were gratuities to be paid to the service staff, as those are customarily the percentages added as gratuity or tip in the hospitality industry.

13. Indeed, because of the way these charges are depicted to customers, and the custom in the food and beverage industry that gratuities in the range of 18-25% are paid for food and beverage service, customers have paid these charges reasonably believing they were to be remitted to the service staff.

14. However, the Defendants have not remitted the total proceeds of these gratuities to the non-managerial employees who serve the food and beverages.

15. Instead, the Defendants have had a policy and practice of retaining for themselves a portion of these gratuities and/or using a portion of these gratuities to pay managers or other non-service employees.

16. As a result, the named plaintiff and class members have not received the total proceeds of the gratuities to which they are entitled under California law.

## V.     CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all non-managerial banquet service employees who have worked for Savor at the Moscone Center Convention center located at 747 Howard St, San Francisco, CA 94103, at any time during the relevant statute of limitations.

18. Plaintiff and class members have been deprived of gratuities that were not remitted to them.

19.  The members of the class are so numerous that joinder of all class members is impracticable.

20. Common questions of law and fact regarding Defendants' conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether the service charges Defendants have collected from customers for banquets and other events held serviced by Savor at the Moscone Center constitute gratuities under California law;

b. Whether Defendants failed to distribute the total proceeds of those gratuities to the non-managerial banquet service employees;

c. Whether Defendants retained a portion of the gratuities for themselves;

d. Whether Defendants used a portion of the gratuities to pay managers or other non-service employees;

e. Whether California law requires the distribution of all gratuities to non-managerial food and beverage service employees, including gratuities that are added to bills by the employer.

21. The named plaintiff is a member of the class who suffered damages as a result of Defendants' conduct and actions alleged herein.

22. The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

23. The named plaintiff will fairly and adequately represent and protect the interests of the class.

24. The named plaintiff has retained able counsel experienced in class action litigation.

25. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for all the members of the class individually to redress the wrongs done to them.

27. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

CLASS ACTION COMPLAINT AND JURY DEMAND

**COUNT I**

**Statutory Gratuity Violation, Cal. Lab. Code § 351**

28.  Defendants' conduct, as set forth above, in failing to remit to non-managerial banquet service employees the total proceeds of service charges added to banquet customers' bills constitutes a violation of California Labor Code § 351.

29. This violation is enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendants' conduct constitutes unlawful, unfair, or fraudulent business acts or practices, in that Defendants have violated California Labor Code § 351 in not remitting to the non-managerial service employees the total gratuities that are charged to customers.

30. As a result of Defendants' conduct, Plaintiff and class members suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**JURY DEMAND**

Plaintiff requests a trial by jury on all claims.

WHEREFORE, Plaintiff requests that this case be certified as a class action; that the class members be awarded restitution for all gratuities that the defendant collected from customers which were not remitted to the non-managerial banquet service employees; and that they be awarded pre- and post-judgment interest; reasonable attorneys' fees, costs, and expenses; and any other relief to which Plaintiff and the class may be entitled.

1

2          Respectfully submitted,

3          JOHN ORDONO, individually and on behalf of all
           others similarly situated,
4

5          By his attorneys,

6

7          _____
           Shannon Liss-Riordan, SBN 310719
8          Jane Farrell, SBN 333779
           LICHTEN & LISS-RIORDAN, P.C.
9          729 Boylston Street, Suite 2000
           Boston, MA 02116
10         (617) 994-5800
           Email:  sliss@llrlaw.com, jfarrell@llrlaw.com
11

12   Dated:        June 20, 2023

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    7
                   CLASS ACTION COMPLAINT AND JURY DEMAND

EXHIBIT 3

| Attorney or Party without Attorney:<br>SHANNON LISS-RIORDAN (SBN 310719)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street Suite 2000<br>Boston, MA 02116<br>*Telephone No:* 617-994-5800 | For Court Use Only |
|---|---|
| *Attorney For:* Plaintiff    *Ref. No. or File No.:*<br>Ordono v. SMG | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**09/05/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

*Insert name of Court, and Judicial District and Branch Court:*
SFSC-SAN FRANCISCO

*Plaintiff:* JOHN ORDONO
*Defendant:* SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-23-607169 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Notice to Plaintiff; ADR Information Package

3.    *a.*   *Party served:*     SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR
   *b.*   *Person served:*   Nicole Stauss, authorized to accept service for CSC Lawyers Incorporated Service, Agent for Service

4. *Address where the party was served:*    2710 Gateway Oaks Dr Suite 150N, Sacramento, CA 95833

5. *I served the party:*

   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
                        service of process for the party (1) on *(date)*: Fri, Sep 01 2023 (2) at *(time):* 02:22 PM

   (1)   [X]   (business)
   (2)   [ ]   (home)
   (3)   [ ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [ ]   as an individual defendant.
   b.   [ ]   as the person sued under the fictitious name of *(specify):*
   c.   [ ]   as occupant.
   d.   [X]   On behalf of *(specify):*    SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR
              under the following Code of Civil Procedure section:

     [X]   416.10 (corporation)                   [ ]   415.95 (business organization, form unknown)
     [ ]   416.20 (defunct corporation)            [ ]   416.60 (minor)
     [ ]   416.30 (joint stock company/association)   [ ]   416.70 (ward or conservatee)
     [ ]   416.40 (association or partnership)      [ ]   416.90 (authorized person)
     [ ]   416.50 (public entity)                    [ ]   415.46 (occupant)
     [ ]   other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

     **PROOF OF
SERVICE
SUMMONS**

*9501005*
*(371138)*
**Page 1 of 2**

| Attorney or Party without Attorney:<br>SHANNON LISS-RIORDAN (SBN 310719)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street Suite 2000<br>Boston, MA 02116<br>Telephone No: 617-994-5800 | | For Court Use Only |
|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.:<br>Ordono v. SMG | |
| Insert name of Court, and Judicial District and Branch Court:<br>SFSC-SAN FRANCISCO | | |
| Plaintiff: JOHN ORDONO<br>Defendant: SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-23-607169 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael Morris
   b. Address: **FIRST LEGAL**
      1000 G Street, Suite 250
      SACRAMENTO, CA 95814
   c. Telephone number: (916) 444-5111
   d. **The fee** for service was:
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
          (i) ☐ owner ☐ employee ☐ independent contractor
          (ii) Registration No: 2012-33, Sacramento
          (iii) County: Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

09/05/2023

*(Date)*

*Michael Morris*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

9501005
(371138)
Page 2 of 2

EXHIBIT 4

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>SHANNON LISS-RIORDAN (SBN 310719)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street Suite 2000<br>Boston, MA 02116<br>*Telephone No:* 617-994-5800 | *For Court Use Only* |
| *Attorney For:* Plaintiff     *Ref. No. or File No.:*<br>Ordono v. SMG | ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**09/05/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>**Deputy Clerk** |

| | |
|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SFSC-SAN FRANCISCO | |
| *Plaintiff:* JOHN ORDONO<br>*Defendant:* SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A<br>SAVOR | |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-23-607169 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Notice to Plaintiff; ADR Information Package

3.   *a.*   *Party served:*     SMG HOLDINGS LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR
    *b.*   *Person served:*   Nicole Stauss, authorized to accept service for CSC Lawyers Incorporated Service, Agent for Service

4. *Address where the party was served:*    2710 Gateway Oaks Dr Suite 150N, Sacramento, CA 95833

5. *I served the party:*

   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
                     service of process for the party (1) on *(date)*: Fri, Sep 01 2023 (2) at *(time)*: 02:22 PM

   (1)   [X]   (business)
   (2)   [ ]   (home)
   (3)   [ ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [ ]   as an individual defendant.
   b.   [ ]   as the person sued under the fictitious name of *(specify)*:
   c.   [ ]   as occupant.
   d.   [X]   On behalf of *(specify)*:    SMG HOLDINGS LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR
         under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |



| Attorney or Party without Attorney:<br>SHANNON LISS-RIORDAN (SBN 310719)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street Suite 2000<br>Boston, MA 02116<br>Telephone No: 617-994-5800 | *For Court Use Only* |
|---|---|
| Attorney For:   Plaintiff | *Ref. No. or File No.:*<br>Ordono v. SMG |
| Insert name of Court, and Judicial District and Branch Court:<br>SFSC-SAN FRANCISCO | |
| Plaintiff:   JOHN ORDONO<br>Defendant:  SMG FOOD AND BEVERAGE LLC D/B/A THE MOSCONE CENTER A/K/A SAVOR | |

| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | *Case Number:*<br>CGC-23-607169 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.   **Person who served papers**
   a.   Name:          Michael Morris
   b.   Address:       **FIRST LEGAL**
                        1000 G Street, Suite 250
                        SACRAMENTO, CA 95814
   c.   Telephone number:     (916) 444-5111
   d.   **The fee** for service was:
   e.   I am:
      (1)  ☐   not a registered California process server.
      (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒   a registered California process server:
          (i)    ☐ owner   ☐ employee   ☐ independent contractor
          (ii)   Registration No:   2012-33, Sacramento
          (iii)  County:   Sacramento

8.   *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

          09/05/2023
             *(Date)*                       *Michael Morris*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

9501008
(371139)
Page 2 of 2

EXHIBIT 5

1    Steven M. Kroll, Bar No. 216196
     BENT CARYL & KROLL, LLP
2    6300 Wilshire Boulevard, Suite 1415
     Los Angeles, California 90048
3    Telephone:    (323) 315-0510
     Facsimile:    (323) 774-6021
4
     Attorneys for Defendants
5    SMG FOOD AND BEVERAGE, LLC and SMG
     [erroneously named as SMG HOLDINGS LLC d/b/a
6    THE MOSCONE CENTER a/k/a SAVOR]

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN FRANCISCO

10

11   JOHN ORDONO, individually and on          CASE NO.: CGC-23-607169
     behalf of all other similarly situated,
12                                             **NOTICE TO STATE COURT OF**
                 Plaintiff,                    **REMOVAL OF CIVIL ACTION BY**
13                                             **DEFENDANTS PURSUANT TO 28**
     v.                                        **U.S.C. SECTIONS 1332, 1441, AND 1446**
14
     SMG FOOD AND BEVERAGE LLC
15   D/B/A THE MOSCONE CENTER A/K/A
     SAVOR, and SMG HOLDINGS LLC
16   D/B/A THE MOSCONE CENTER A/K/A
     SAVOR,
17
                 Defendants.                   Action filed: June 20, 2023
18                                             Trial date: None

19

20        TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

21   FOR THE COUNTY OF SAN FRANCISCO, PLAINTIFF JOHN ORDONO, AND HIS

22   ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE that on September 29, 2023, defendants SMG Food and

24   Beverage, LLC and SMG [erroneously named as SMG Holdings LLC d/b/a The Moscone Center

25   a/k/a SAVOR] (collectively, "Defendants") filed a Notice of Removal in the United States

26   District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and

27   1446. A true and correct copy of Defendants' Notice of Removal is attached hereto as Exhibit

28   "A."

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

CASE NO. CGC-23-607169
                    NOTICE TO STATE COURT OF REMOVAL
                                        DOCUMENT PRINTED ON RECYCLED PAPER

1    PLEASE TAKE FURTHER NOTICE that the filing of Defendants' Notice of Removal in

2   the United States District Court for the Northern District of California, together with this prompt

3   filing of a copy of the same with this Court, effects the removal of this action and that this Court

4   may not proceed any further unless and until the case is remanded, pursuant to 28 U.S.C. § 1446.

5

6   Dated: September        , 2023                BENT CARYL & KROLL, LLP

7

8                                        By: _____

9                                            Steven M. Kroll
                                             Attorneys for Defendants
10                                           SMG FOOD AND BEVERAGE, LLC and
                                             SMG [erroneously named as SMG
11                                           HOLDINGS LLC d/b/a THE MOSCONE
                                             CENTER a/k/a SAVOR]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

- 2 -

CASE NO. CGC-23-607169
            NOTICE TO STATE COURT OF REMOVAL
                              DOCUMENT PRINTED ON RECYCLED PAPER

1

## PROOF OF SERVICE

2       I, Steven M. Kroll, declare:

3       I am a citizen of the United States and employed in Los Angeles County, California. I am
4  over the age of eighteen years and not a party to the within-entitled action. My business address
   is 6300 Wilshire Boulevard, Suite 1415, Los Angeles, California 90048. On September 29, 2023,
   I served a copy of the within document(s):

5

6       **NOTICE OF REMOVAL OF ACTION BY DEFENDANTS SMG FOOD AND
        BEVERAGE LLC AND SMG PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
        AND 1446**

7
        X       by placing the document(s) listed above in a sealed envelope with postage thereon
8               fully prepaid, in the United States mail at Los Angeles, California addressed as set
                forth below.

9
                by placing the document(s) listed above in a sealed Overnite Express envelope and
10              affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite
                Express agent for delivery.

11
                by personally delivering the document(s) listed above to the person(s) at the
12              address(es) set forth below.

13              by emailing the document(s) listed above to the person(s) at the email address(es)
                set for below pursuant to stipulation of the parties.

14

15      Shannon Liss-Riordan, Esq.
        Jane Farrell, Esq.
16      Lichten & Liss-Riordan, P.C.
        729 Boylston Street, Suite 2000
17      Boston, MA 02116
        Telephone: (617) 994-5800
18      *Attorneys for Plaintiff John Ordono,*
        *individually and on behalf of all others*
19      *similarly situated*

20      I am readily familiar with the firm's practice of collection and processing correspondence
21  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
22  motion of the party served, service is presumed invalid if postal cancellation date or postage
    meter date is more than one day after date of deposit for mailing in affidavit.

23      I declare under penalty of perjury under the laws of the United States of America that the
24  above is true and correct. Executed on September 29, 2023, at Los Angeles, California.

25

26      

27      _____
                        Steven M. Kroll

28

Bent Caryl &
Kroll, LLP
Attorneys At Law

Case No.

PROOF OF SERVICE

DOCUMENT PRINTED ON RECYCLED PAPER